## HENRY CRIPPEN *vs.* DANIEL BYRON.

In an action to recover the penalty imposed by the Rev. Sts. *c.* 19, § 22, on the owner of a horse going at large on the highway on the Lord's day, and not under the care of a keeper, the declaration need not allege that the defendant was guilty of any act or omission which caused the horse to go at large; and sufficiently describes the penalty, by alleging it to be the same amount of fees which the field driver would have been entitled to receive if he had distrained and impounded the horse.

It is no ground for arresting judgment in the court of common pleas, that the justice of the peace, before whom the action was commenced, did not default the defendant at once on his failure to appear, but continued the case, and thereby increased the costs of witnesses.

ACTION OF TORT commenced before a justice of the peace by a field driver and inhabitant of Grafton. The declaration alleged " that on the fourteenth day of May 1854, the same being the Lord's day, in the public roads and highways in said Grafton, one horse, of the goods and chattels of the defendant, and then and there belonging to the defendant, did go at large, said horse not being then and there under the care of a keeper; whereby the defendant became liable to pay the plaintiff the same amount of fees which he, as field driver, would have been entitled to receive for said horse if he had then and there distrained and impounded him." The action was continued by the justice from the 27th of May, when it was entered, to the 16th of June, when the defendant, failing to appear, was defaulted.

The defendant appealed to the court of common pleas, and, after being defaulted there, moved in arrest of judgment for the following reasons :

" 1st. Because no cause of action against the defendant is set forth by the plaintiff in his declaration. It does not follow that

Crippen *v*. Byron.

the defendant is liable to pay the plaintiff a penalty, because he owned a horse going at large on the Lord's day without a keeper, unless he was guilty of some act of omission or commission, which caused the horse to go at large, neither of which is alleged in the declaration.

" 2d. Because no certain penalty is alleged in said declaration to have been incurred by the defendant. Said declaration does not contain a description of any penalty mentioned in any statute of this commonwealth.

" 3d. Because it appeared by the record of the justice before whom said action was entered, that the defendant never appeared therein until after the action was defaulted, when he claimed an appeal to this court. And yet the same was not defaulted, but continued from time to time, and witnesses summoned in without cause, whereby a large bill of costs was illegally made."

The court of common pleas overruled the motion, and the defendant appealed.

*S. H. Allen*, for the defendant.

*W. F. Slocum*, for the plaintiff.

By the Court. This action is founded on the Rev. Sts *c*. 19, § 22, which provide that for any horses or cattle, going at large on the Lord's day in the public highways, and not under the care of a keeper, the field driver or any other inhabitant of the town may recover, by an action of debt, (or under the new practice act, *St*. 1852, *c*. 312, § 1, by action of tort,) for each beast, the same amount of fees, which the field driver is entitled to receive for the like beasts, when distrained and impounded.

1. This declaration states a sufficient cause of action. It states that the defendant's horse was going at large in the public highways on the Lord's day, and not under the care of a keeper. If the defendant has any excuse, it is for him to show it.

2. It does, by necessary implication, describe the penalty; for the amount of fees which the field driver would be entitled to receive for the horse, if distrained and impounded, is defined in the public laws, of which the court must take judicial notice

3. The continuance of the case by the justice, and consequent increase of costs, are no ground for arresting judgment.

*Exceptions overruled.*